UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. CR13-96 RSM |
| Plaintiff, | |
| | ORDER DENYING DEFENDANT'S |
| v. | MOTION TO SUPPRESS |
| CHARLES GLENN PERKINS, | |
| Defendant. | |

**Introduction**

      Charles Glenn Perkins was charged on March 27, 2013 via a two count Indictment with Receipt of Child Pornography, in violation of 18 U.S.C.§ 2252(a)(2) and (b)(1) (Count1), and Possession of Child Pornography, in violation of  18 U.S.C.§ 2252(a)(4) (B)and (b)(2) (Count 2).  The Indictment included the Special Allegation that the defendant had previously been convicted of First Degree Incest and Child Molestation in the First Degree.  The defendant filed a Motion to Suppress or in the Alternative for a *Franks* Hearing. Dkt #21.  Following oral argument, that motion was denied in its entirety.  The defendant then entered a plea of guilty to Count 1 pursuant to a conditional plea

ORDER - 1

agreement which allowed him to appeal the Court's denial of his motion to suppress evidence.  On July 25, 2014, the Court of Appeals, in an unpublished memorandum disposition, concluded that the district court erred by not granting a *Franks* hearing and remanded for further proceedings.  The Court of Appeals did not reach the defendant's motion to suppress.  On November 13, 2014, this Court conducted a *Franks* hearing at which the only witness called by either party was the affiant to the search warrant, Special Agent Timothy Ensley with the Department of Homeland Security.  Following oral argument the Court granted the parties request to submit further briefing. The Court now having reviewed the pleadings, records and files herein, and being fully advised, finds that the defendant has failed to meet his burden to show that Agent Ensley either intentionally or recklessly omitted information from the search warrant affidavit in order to mislead the court.  The Court finds that the affidavit established probable cause to search the defendant's residence and DENIES the defendant's motion to suppress.

### Background

The factual background of what occurred in this case is not in dispute. On December 29, 2012, the defendant arrived at the Toronto Pearson International Airport (TPIA) along with his wife and his mother-in-law.  The defendant, a U.S. citizen, was returning from a trip on board a cruise ship that had traveled from San Francisco, California to Santiago, Chile.  After arriving in Santiago the defendant and his traveling companions then boarded a flight to Toronto, Canada.  Upon arriving at TPIA the Canadian Border Services Agency (CBSA) discovered his prior criminal convictions and that he was a registered sex offender in the United States. The CBSA denied the defendant's entry into Canada, although his companions were allowed to enter.  The defendant was sent for a secondary search where the computer he was carrying was examined pursuant to Canada's border search authority. The examination revealed two images on the computer of suspected minor females, at least one of which the CBSA officers believed to be child pornography. Based on this information CBSA requested and received a search

warrant from a Canadian judicial officer to search the entire laptop. No other suspected child pornography was found on the laptop.

The defendant was subsequently detained while Canadian authorities performed additional investigation to see whether Canada would charge the defendant based on his possession of the two photographs. Due to the fact that he was an American citizen, Canadian authorities contacted the Department of Homeland Security and Agent Ensley, from Homeland Security Investigations (HSI), was assigned to the case. Ultimately, Canadian authorities decided that neither of the two photographs found on the laptop legally met the definition of child pornography under Canadian law and the defendant was released from custody. Agent Ensley, having been in contact with Canadian officials investigating this case, prepared a draft affidavit for a search warrant to search the defendant's residence in Burien, Washington. Agent Ensley waited to receive copies of the two photographs from the Canadians before he prepared the final draft of the affidavit. In that final draft he included his description of the photos, and presented it to the Honorable Brian A. Tsuchida, United States Magistrate Judge. Judge Tsuchida, was not shown either of the photos, as was then the custom in the Western District of Washington. However, based on Agent Ensley's affidavit, Judge Tsuchida found probable cause to search and authorized the warrant on January 16, 2013. Substantial amounts of child pornography were discovered in the home and the defendant, who was present at the residence at the time of the search, made admissions and other incriminating statements that led to his indictment and subsequent plea.

## Discussion

The purpose of a *Franks* hearing is "to investigate the veracity of the affiant" who applied for the warrant. *United States v. Dozier*, 844 F.2nd 701, 707 (9th Cir. 1988). In *Franks*, the Supreme Court held that suppression of evidence resulting from the execution of the warrant is appropriate only if a

ORDER - 3

defendant can show by a preponderance of the evidence that the affiant intentionally or recklessly made false statements in the warrant affidavit, and can further show these statements were essential to the issuing court's probable cause finding. *Franks v. Delaware*, 438 U.S. 154, 155-156 (1978). Where facts are omitted, suppression is required only if "the affidavit intentionally or recklessly omitted facts" found to be material to the probable cause finding. *United States v. Ruiz*, 758 F.3d 1144, 1148 (9th Cir. 2014).

The result is a two step analysis. Step one is to determine the officer's intent in omitting facts. The *Franks* hearing must focus on the subjective intent of Agent Ensley in deciding what information to include or omit from the affidavit, and whether the agent acted with a subjective intent to deceive the magistrate judge or with reckless disregard for the truth that resulted in deception. An omission that is the result of "negligence or innocent mistake" does not warrant suppression of the evidence, in the absence of an otherwise deficient warrant. *Franks* 438 U.S. at 171.

Step two of the analysis is an objective inquiry. If the Court finds that the officer, either intentionally or in reckless disregard, omitted facts that were true in order to mislead the Court, the Court then determines whether the affidavit, once corrected and supplemented, establishes probable cause. If probable cause remains when the omitted material is included in the affidavit, there is no constitutional violation and thus no basis to suppress. That analysis requires the Court to determine whether the information contained in the four corners of the affidavit as presented to the magistrate judge, augmented only with the omitted information, continues to state probable cause.

1. **Agent Ensley's Testimony**

Agent Ensley testified at the *Franks* hearing that he has been a Special Agent with the Department of Homeland Security for over five years. During his service, his career has been devoted to the investigation of child exploitation cases and he has participated in approximately 200 such

investigations.  He has received more than three years of specialized on-the-job training and has viewed

hundreds of thousands of images of suspected child pornography.

Agent Ensley testified that he was aware, at the time he swore to the affidavit in this case, of the

significant differences in the definition of child pornography between Canada and the United States.

Because of his awareness of these differences Agent Ensley waited until he received copies of the

subject photos from the Canadians before he finalized his affidavit for the magistrate judge.  He wanted

to view the images for himself and be able to accurately describe them, based on his understanding of

US laws, to the judicial officer.  In his affidavit Agent Ensley described both images but clearly

indicated to the reviewing magistrate judge that, in the agent's expert opinion, only one of the two

images met the US federal definition of child pornography. Agent Ensley did not include the Canadian

authorities ultimate conclusion that neither of the two images met the Canadian definition of child

pornography, or that they had decided not to prosecute the defendant in Canada, because he did not feel

that information was relevant to the magistrate judge's review of the affidavit based on US law.

The defendant seizes on this omission to argue that the agent either subjectively intended to

deliberately mislead the magistrate judge or that he acted in reckless disregard for the truth. Contrary to

the defendant's assertion, this Court is satisfied that Agent Ensley was completely truthful and forthright

in his testimony at the hearing.  Agent Ensley was the only witness presented by either party.  His

testimony was basically unchallenged and uncontradicted. He explained the reasons behind the

investigatory steps that were taken in this case and why a decision was made to continue that

investigation in the United States.  The fact that Canada has her own laws, with very specific definitions

as to what constitutes child pornography has no bearing on whether those same images may or may not

violate US laws. To use a contrary example by way of illustration, there are many nations in the world,

especially in today's middle east, where possession of an image of an unclothed female, regardless of

ORDER - 5

her age, would be illegal.  It does not logically follow that those same images would be unlawful in the United States. Agent Ensley waited to prepare his final draft of the affidavit until he had seen copies of the images for himself. He has viewed hundreds of thousands of images of child pornography, and understood that the images themselves were the most important factor in establishing probable cause under US law. He accurately described the images in his affidavit and truthfully indicated that only one of the two, in his expert opinion, met the federal definition of child pornography.  The Court is satisfied that Agent Ensley did not intentionally or recklessly omit material information in order to mislead the magistrate judge when he presented his affidavit.

### 2.      The Omissions Were Not Material

Once the Court concludes that Agent Ensley did not intentionally or recklessly omit information in order to mislead the magistrate judge that ends the analysis and there is no *Franks* violation. However, in the interests of complete clarity, the Court is finding now, as it did previously, that the facts that were omitted in Agent Ensley's affidavit were not material in influencing the magistrate judge's decision to authorize the warrant. If the complete truth about all of the omitted information, and not simply the facts the defendant wants to argue, were included in the affidavit, it still would have no effect on the probable cause determination. Nothing in Agent Ensley's testimony changes the Court's original conclusion that a foreign agent's interpretation of foreign legal requirements, using a foreign legal standard, has no materiality to a probable cause determination in the United States.

### 3.      The Affidavit States Probable Cause

As with the issue of materiality, this Court had previously ruled that the affidavit as written established probable cause to search the defendant's residence in the United States.  Nothing in the testimony presented at the *Franks* hearing changes that conclusion.

ORDER - 6

**CONCLUSION**

As set out above, the Court having found that Agent Ensley did not act with the intent to mislead the magistrate judge or with reckless disregard for the fact that his actions would mislead the court, and there being ample probable cause within the affidavit, the defendant's Motion To Suppress will be DENIED.

DATED February 11, 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 7